UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIRECTV, LLC, )<br>)<br>Petitioner, )<br>)<br>v. )<br>) Case No. _____<br>JOHN ARNDT, )<br>JEREMY MCMICHEN, )<br>AND STEPHEN PEACOCK, )<br>)<br>Respondents. ) | |

**DIRECTV'S PETITION TO VACATE ARBITRATION AWARD**

COMES NOW Petitioner DIRECTV, LLC ("DIRECTV"), by and through Counsel, pursuant to 9 U.S.C. § 10(a)(4), and respectfully petitions this Court to: (1) vacate the Arbitrator's Clause Construction Award,[1] Exhibit 1 hereto ("Award"); and (2) order that the Respondents must pursue their arbitrations on an individual basis.

The Arbitrator exceeded her power in this case by ruling that the parties consented to collective arbitration. The Arbitrator so ruled despite: (1) finding, "it is undisputed that the Agreements are 'silent' on the issue of collective

---

[1] A clause construction award is an arbitrator's determination regarding whether an arbitration agreement allows the arbitration to proceed on behalf of or against a class. *See* Rule 3 of the American Arbitration Association's Supplementary Rules for Class Arbitration.

arbitration," Exhibit 1 hereto at 6; and (2) clear provisions of the Arbitration Agreements that demonstrate no consent to a collective (or any other kind of consolidated) arbitration, *id.* at 11. Therefore, under the Federal Arbitration Act ("the FAA") and Supreme Court precedent, the Award should be vacated. *See* 9 U.S.C. § 10(a)(4); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758 (2010); *AT&T Mobility v. Concepcion,* 131 S.Ct. 1740, 1751 (2011).

Pursuant to the Supreme Court's decision in *Stolt,* this Court has jurisdiction to immediately review the Arbitrator's clause construction award. In *Stolt,* as in this case, the parties originally delegated the clause construction issue to an arbitration panel. On appeal, the United States District Court for the Southern District of New York immediately reviewed the clause construction award. *See Stolt-Nielsen S.A. v. AnimalFeeds, Int'l. Corp.*, 435 F.Supp.2d 382, 384 (S.D. N.Y. 2006) (reversed on other grounds) (immediately reviewing the arbitration panel's clause construction award); *see also Stolt*, 130 S.Ct. at 1769 (opting to decide the issue that was originally delegated to the arbitration panel). The Supreme Court specifically addressed the timing for federal court review of a clause construction award in *Stolt*. *Id.* at 1767, n.2. Justice Ginsberg dissented from the majority decision, which found that the arbitration panel exceeded its authority in its clause construction award. *Id.* at 1777. In the dissent, she argued that the majority should

not be reviewing the case because the clause construction award was not a final decision. *Id.* at 1778. The Supreme Court flatly rejected that argument explaining:

> In evaluating a claim to determine whether it is ripe for judicial review, we consider both, "the fitness of the issue for judicial decision" and "the hardship of withholding court consideration." [Citations omitted.] The arbitration panel's award means that petitioners must now submit to class determination proceedings before arbitrators who, if petitioners are correct, have no authority to require class arbitration absent the parties' agreement to resolve their disputes on that basis.

*Id.* at 1769, n.2. Thus, the Supreme Court confirmed that immediate review of a clause construction award was proper and proceeded to review the arbitrators' clause construction award. Likewise, here, immediate review of the Award by this Court is proper. *See id.*

In further support of this Petition To Vacate, DIRECTV asserts as follows:

## RELATED CASE

1. As a preliminary matter, this case relates to a case previously pending in this Court. *See DIRECTV, LLC v. Arndt, et al.*, Civil Action No. 1:12-cv-00827-JOF (N.D. Ga. March 9, 2012) (Forrester, J.).

## NATURE OF THE CASE

2. This Petition arises from an arbitration styled *Arndt, et al. v. DIRECTV, Inc.*, AAA Case No. 30-160-00625-11, which is pending before the American Arbitration Association ("AAA") in Atlanta, Georgia. DIRECTV

appeals from the Arbitrator's Clause Construction Award (Exhibit 1 hereto). DIRECTV asks this Court to vacate the Award on the grounds that the Arbitrator exceeded her powers within the meaning of the FAA. *See* 9 U.S.C. § 10(a)(4); *see also Stolt*, 130 S.Ct. 1758 (2010).

3. Exhibit 1 hereto is the Award from which DIRECTV appeals. Exhibit 2 hereto is DIRECTV's Brief in Support of this Petition. Exhibit 3 hereto is each Respondent's Arbitration Agreement with DIRECTV. Exhibit 4 hereto is Respondents' Demand for Arbitration, previously filed with AAA. Exhibit 5 hereto is the parties' Clause Construction Briefs previously submitted to the Arbitrator. (At the Clause Construction Phase, DIRECTV and Respondents submitted Initial Briefs on June 15, 2012 and Response Briefs on July 9, 2012.) Exhibit 6 hereto is pertinent case law. Exhibit 7 hereto is DIRECTV's July 23, 2012 letter, which the Arbitrator made a part of the record, Exhibit 1 at 3, n. 5. Exhibit 8 hereto is the AAA's Employment Rules. Exhibit 9 hereto is AAA's Supplementary Rules for Class Arbitration.[2]

---

[2] The Exhibits attached hereto do not include all of the parties' filings with AAA. For example, DIRECTV's Answers and Amended Answers are not attached. Likewise, some of the Exhibits to the parties' Briefs before the AAA are not attached hereto (DIRECTV attached to its Briefs before the AAA almost all of the case law cited in those Briefs, making that Exhibit voluminous). However, if the Court wishes a complete copy of all of the AAA filings in the underlying matter, DIRECTV will promptly provide that to the Court.

## PARTIES

4. Petitioner DIRECTV, LLC is a Limited Liability Company with its principal place of business in El Segundo, California.

5. Upon information and belief, Respondent John Arndt is a resident of the State of Georgia.

6. Upon information and belief, Respondent Jeremy McMichen is a resident of the State of Georgia.

7. Upon information and belief, Respondent Stephen Peacock is a resident of the State of Georgia.

8. DIRECTV[3] previously employed Respondents as satellite installation technicians; they claim they were not paid properly under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").  DIRECTV entered into a separate Arbitration Agreement with each Respondent.

## VENUE

9. Venue is proper under 28 U.S.C. § 1391(a)(2) and (b)(2) because the arbitration is proceeding in Atlanta, Georgia, where the Award was issued.

---

[3] Respondents are former employees of DIRECTV, Inc., which has merged into DIRECTV, LLC.

# JURISDICTION

## Personal Jurisdiction

10. This Court has personal jurisdiction over Respondents because they are Georgia residents and because they are named as putative "class representatives" in an arbitration pending in Atlanta, Georgia.

## Subject Matter Jurisdiction

11. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 because it concerns the FAA and the FLSA.

## Appellate Jurisdiction – the FAA

12. Section 10 of the FAA allows DIRECTV to appeal the Award to this Court and provides:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration . . . (4) where the arbitrators exceeded their powers . . .

*See* 9 U.S.C. § 10(a)(4). Thus, the FAA provides the basis to appeal the Award. *See id.*

## Supreme Court Interpretation of Reviewability

13. The Supreme Court has ruled that it is appropriate to review an arbitrator's clause construction award as soon as it is rendered and before any other

proceedings in the case. In *Stolt*, the Supreme Court reviewed "whether imposing class arbitration on parties whose arbitration clauses are 'silent' on that issue is consistent with the [FAA]." *Stolt*, 130 S.Ct. at 1764. There, as here, no class had been certified and, other than the clause construction phase, no class proceedings had taken place. Indeed, as discussed above, the dissent argued that the majority should not be reviewing the matter because the arbitrators' clause construction award was not a final decision. *Id.* at 1778. The Supreme Court flatly rejected that argument, explaining:

> In evaluating a claim to determine whether it is ripe for judicial review, we consider both, "the fitness of the issues for judicial decision" and "the hardship of withholding court consideration." [Citations omitted.] The arbitration panel's award means that petitioners must now submit to class determination proceedings before arbitrators who, if petitioners are correct, have no authority to require class arbitration absent the parties' agreement to resolve their disputes on that basis. We think it is clear on these facts that petitioners have demonstrated sufficient hardship, and that their question is fit for our review at this time.

*Id.* at 1767, n. 2. The Court then reviewed the arbitrators' clause construction award, as well as the District Court and Second Circuit review of that award; reversed the arbitrators' decision; and ruled that there was no consent to class arbitration in a silent arbitration agreement. Thus, this Court may review the instant Award at this juncture.

7

### AAA's Supplementary Rules

14.     In addition to the plain language of the FAA and binding Supreme Court precedent, AAA's Supplementary Rules allow immediate appeals of clause construction awards.  As the Arbitrator explained, AAA's Supplementary Rules for Class Arbitration ("the Supplementary Rules") provide, in part:

> Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award").  The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days **to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award** . . . If any party informs the arbitrator within the period that is (sic) has sought judicial review, the arbitrator may stay further proceedings or so (sic) part of them, until the arbitrator is informed of the ruling of the court.

Exhibit 1 at 4 (emphasis added), quoting Rule 3 of AAA's Supplementary Rules for Class Arbitration ("the Supplementary Rules").

15.     On page 12 of the Award, the Arbitrator affirms under oath that she executed the Award, "which is my Clause Construction Award."  Exhibit 1 at 12.  Thus, under Supplementary Rule 3, the Award is appealable.

16.     Although the Arbitrator attempted to distance her opinion from the Supplementary Rules, there are no other AAA Rules that contain the phrase "Clause Construction Award."  Further, AAA's Employment Rules (which

Respondents contend govern their request for a collective action) do not provide for joinder or consolidation of claims.  AAA does not have published Rules for administering collective arbitrations (as opposed to class arbitrations).  In addition, AAA Supplementary Rule 1(a) provides:

> These Supplementary Rules for Class Arbitrations ("Supplementary Rules") shall apply to any dispute arising out of an agreement that provides for arbitration pursuant to **any of the rules** of the American Arbitration Association ("AAA") where a party submits a dispute to arbitration on behalf of or against a class or purported class, and shall supplement any other applicable AAA rules.

AAA Supplementary Rules for Class Arbitration, Rule 1(a); *see also In Re: Cintas Corp. Overtime Pay Arbitration Litigation*, 2007 U.S. Dist. LEXIS 5479, *28, n. 1 (N.D. Cal. 2007) (explaining that the Supplementary Rules' clause construction phase applies "in a demand for class or collective arbitration").

## GROUNDS FOR VACATUR

17. The Arbitration Agreements do not authorize collective arbitration.

18. Indeed, here, the Arbitrator found, "it is undisputed that the [Arbitration] Agreements are 'silent' on the issue of collective arbitration." Exhibit 1 hereto at 6.  In *Stolt*, the Court held that "the parties' mere silence on the issue of class arbitration" would not "constitute[] consent to resolve their disputes in class proceedings," and that imposing class arbitration in such circumstances

would contravene an arbitrator's "limited powers under the FAA." *Stolt*, 130 S. Ct. at 1776; *see also Concepcion*, 131 S.Ct. 1740 (reiterating the reasons that class arbitration cannot be imposed on a party, absent the party's consent).

19.   In addition to silence on the issue of collective arbitration, various provisions of the Arbitration Agreements establish that DIRECTV contemplated bilateral arbitration only:

   A.   The Arbitration Agreements refer to "Employee" in the singular. *See* Exhibit 3 hereto.

   B.   The Arbitration Agreements provide that "the arbitration shall take place at or near the city in which employee is or was last employed by Company" (Exhibit 3 at 3)—an impossibility if the Arbitration Agreements contemplated a nationwide collective arbitration, which they did not.

   C.   The Arbitration Agreements require the Arbitrator to apply the law of the state in which the claim arose—and are without jurisdiction to apply any different law (Exhibit 3 at 3)—another impossibility with a nationwide collective arbitration.

   D.   The Arbitration Agreements refer multiple times to a "quick, fair and cost effective internal dispute resolution procedure" and an "impartial, cost effective and speedy mechanism." (Exhibit 3 at 1, 3).

E.  Absent express permission from the arbitrator for additional discovery, per the Arbitration Agreements, each party may "take the deposition of one individual and any expert witness designated by another party."  (Exhibit 3 at 2).

20.   The Arbitrator lacked a basis to write the FLSA's procedural, opt-in provisions into the Arbitration Agreements as a substantive right.  To the contrary, a collective action is not a substantive right conferred on Respondents by the FLSA.  *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005) (explaining that parties do not waive substantive statutory rights by agreeing to arbitrate claims but, nevertheless, affirming enforcement of a collective action waiver in an FLSA action); *see also Zekri v. Macy's Retail Holdings, Inc.*, No. 1:10-cv-1740-MHS, 2010 U.S. Dist. LEXIS 119453 (N.D. Ga. Nov. 4, 2010) (Shoob, J.) (rejecting the notion that the right to bring a collective action under the FLSA is a substantive right that cannot be waived and compelling arbitration on an individual basis); *Slawienski*, No. 1:10-CV-0460-JEC, 2010 U.S. Dist. LEXIS 130365, at *6-7 (N.D. Ga. Dec. 9, 2010) (Carnes, J.) (compelling arbitration of FLSA claims and denying the plaintiffs' motion to strike a collective action waiver); *DeOliveira v. Citicorp N. Am., Inc.*, No. 8:12-cv-251-T-26TGW, 2012 U.S. Dist. LEXIS 69573 (M.D. Fla. May 18, 2012).

21. Even in FLSA cases without a collective action waiver, Courts hold that collective arbitration cannot proceed absent a contractual basis for concluding that all parties consented to such. *See, e.g., Fitzhugh v. Am. Income Life Ins. Co.*, No. 1:11-cv-533, at 9-11 (N.D. Ohio Nov. 3, 2011) (rejecting the plaintiff's arguments that an opt-in class can proceed and ordering the plaintiff to proceed with her FLSA claims on an individual basis where the parties' agreement was silent on the issue); *Goodale v. George S. May Int'l Co.*, No. 10 C 5733, 2011 U.S. Dist. LEXIS 37111, at *6-8 (N.D. Ill. Apr. 5, 2011) (applying *Stolt*'s holding regarding class arbitration to plaintiff's request for collective arbitration and compelling FLSA claims to arbitration on an individual basis); *see also Protective Life Ins. Corp. v. Lincoln Nat'l Ins. Corp.*, 873 F.2d 281, 282 (11th Cir. 1989) (vacating and remanding a district court's order consolidating arbitrations where the parties had "not provided for consolidation in their arbitration agreements").

22. The refusal to allow collective arbitration absent consent is so because, as the Supreme Court explained in *Stolt*, "the FAA imposes certain rules of fundamental importance, including the basic precept that arbitration 'is a matter of consent not coercion.'" *Stolt*, 120 S.Ct. at 1773. Indeed, the Court explained that "the central or 'primary' purpose of the FAA is to ensure that 'private agreements to arbitrate are enforced according to their terms'" and, here, the terms

12

of the Agreements do not demonstrate consent to a collective arbitration. *See id.* (citations omitted).

## PRAYER FOR RELIEF

WHEREFORE, as explained more fully in DIRECTV's Brief filed contemporaneously herewith, DIRECTV requests that the Court: (1) grant this Petition; (2) vacate the Arbitrator's Award; (3) order Respondents to submit their claims to arbitration on an individual basis; and (4) grant such further relief that the Court deems just and proper.

This 14th day of September, 2012.

> By: *s/Halima Horton*
> Halima Horton
> Georgia Bar No. 367888
> hhorton@mcguirewoods.com
> McGuireWoods LLP
> Promenade II, Suite 2100
> 1230 Peachtree Street, N.E.
> Atlanta, Georgia  30309

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIRECTV, LLC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. _____ |
| JOHN ARNDT, | ) |
| JEREMY MCMICHEN, | ) |
| AND STEPHEN PEACOCK, | ) |
| | ) |
| Respondents. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that this 14th day of September, 2012, I caused the foregoing **DIRECTV's Petition To Vacate Arbitration Award** to be filed electronically using the CM/ECF system and that I have caused a copy to be sent by U.S. Mail, postage pre-paid to:

| | |
|---|---|
| Andrew W. Funk, Esq. | Bradford B. Lear, Esq. |
| George A. Hanson | Todd C. Werts, Esq. |
| Stueve Siegel Hanson LLP | Lear Werts, LLP |
| 460 Nichols Road, Suite 200 | 2003 West Broadway, Suite 107 |
| Kansas City, MO  64112 | Columbia, MO  65203 |
| | |
| Michele L. Hornish, Esq. | Dana Ashford, Esq. |
| Lear Werts, LLP | The Ashford Law Firm, LLC |
| 203 North LaSalle, Suite 2100 | 201 Swanton Way |
| Chicago, IL  60601 | Decatur, GA  30030 |

Kimberly A. Yates
Patricia J. Martin
Littler Mendelson P.C.
One Metropolitan Square
211 North Broadway, Suite 1500
St. Louis, MO  63102

Amy B. Manning
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601-1818

                                                   *s/Halima Horton*
                                                   Halima Horton
                                                   Georgia Bar No. 367888

McGuireWoods LLP
Promenade II, Suite 2100
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 443-5500 (Telephone)
(404) 443-5599 (Facsimile)
hhorton@mcguirewoods.com

*Attorney for Petitioner*