**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**Atlanta Division**

| | | |
|---|---|---|
| DIRECTV, INC. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:12-cv-03233-JOF |
| | ) | |
| JOHN ARNDT, | ) | |
| JEREMY MCMICHEN, AND | ) | |
| STEPHEN PEACOCK | ) | |
| | ) | |
| Respondents. | ) | |

**Respondents' Motion to Dismiss or in the Alternative to**
**Deny Petition to Vacate Arbitration Award**

## I. Introduction

This Court has already ruled that the parties agreed to give the arbitrator sole authority to decide whether authorization for collective arbitration can be found in the Arbitration Agreement between Petitioner DIRECTV, Inc. and Respondents John Arndt, Jeremy McMichen and Stephen Peacock. Now, and for the second time, DIRECTV asks this Court to alter DIRECTV's Agreement and take authority away from the arbitrator. DIRECTV's Petition disregards the clear directions of the law and the arbitrator in arguing that this Court has either the jurisdiction or legal authority to vacate the arbitrator's interim order. To grant DIRECTV's

Petition, the Court must make all of the following findings that would run contrary to established precedent governing the review of arbitral awards:

1) First, the court must find that it has jurisdiction to review an interim arbitration order in contravention of the Federal Arbitration Act and precedent establishing that courts cannot review or vacate interim arbitration awards;

2) Next, the Court must reverse its prior ruling and now find that the arbitrator's decision on how to interpret the parties' arbitration agreement is not binding on the parties; and

3) Finally, the Court must hold that the arbitrator exceeded her authority by interpreting the language of the parties' Agreement to find explicit and implicit authorization for collective arbitration.

If the Court cannot make all of the findings above, the Petition to Vacate must be denied. Whether the Court believes the arbitrator's decision was right or wrong, the law is clear that the Court does not have the jurisdiction to review an interim award. And even if the Court had jurisdiction, it has already decided that the arbitrator had the authority to interpret the parties' Agreement; because the arbitrator did not exceed her authority, the law does not give the Court the legal authority to substitute its judgment for the arbitrator's.

2

**II.    This Court Has No Subject Matter Jurisdiction to Vacate the Arbitrator's Interim Order.**

DIRECTV argues that the Court has subject matter jurisdiction to vacate Judge Mollie W. Neal's interim order pursuant to Rule 3 of the American Arbitration Association's Supplementary Rules for Class Arbitrations. Rule 3 lays out Fed. R. Civ. P. 23-style procedures to govern class arbitrations, requires an arbitrator to issue a Clause Construction Award, and allows either party to appeal the decision. There is no provision for a clause construction award in any other AAA rule. The glaring flaw in DIRECTV's argument is that the Supplementary Rules do not apply to this case. Rather, this arbitration is proceeding under the AAA's Employment Rules, as the parties agreed in their Agreement. Because the Supplementary Rules are not in effect in this case, Rule 3 provides no jurisdiction for this Court to review this interim Order. As such, the Court has no jurisdiction to review the Order, and pursuant to Fed. R. Civ. P. 12(b)(1), DIRECTV's Petition to Vacate must be dismissed.

A.    The Supplementary Rules governing Rule 23 Class Arbitrations do not apply to Respondents' request for collective arbitration.

As the arbitrator recognized in her Order, the procedures and requirements of the Supplementary Rules generally follow Fed. R. Civ. P. 23 and are designed for an opt-out class arbitration, which is fundamentally different from a collective

action provided for in the FLSA. *See* Exhibit 1 at p. 7 n.6. (noting that the statute of limitations and the two-stage certification process created by the FLSA are different from the process under Rule 23).[1] Since Respondents are pursuing a collective arbitration under the Fair Labor Standards Act, the arbitrator and the AAA have always governed the arbitration by the AAA's Employment Rules because of the irreconcilable differences between the opt-in mechanism under the FLSA and the opt-out process under the Supplementary Rules. A copy of the Employment Rules is attached to Exhibit 2. The Supplementary Rules cannot apply, and because the Employment Rules do not allow for a Clause Construction Award, Judge Neal's Order cannot be a clause construction award.

---

[1] Class and collective action are semantically similar and often confused. *See Lugo v. Farmer's Pride Inc.,* 2008 WL 638237, at *2 (E.D.Pa. March 7, 2008) ("Class actions and collective actions can often be confused with each other."); *Salazar v. Agriprocessors, Inc.*, 527 F. Supp. 2d  873, 877 (N.D. Iowa 2007) (same). As the arbitrator recognized, the most important distinction is the opt-out nature of a Rule 23 class action and the opt-in procedure in a collective action. Once a class action is certified under Rule 23, generally all included in the scope of the class automatically become members of the class unless they choose not to be – unless they opt out.  *See* In re *Piper Funds, Inc.,* 71 F.3d 298, 303-04 (8th Cir. 1995). Under the FLSA, anyone included in the scope of the case must affirmatively opt-in to become a plaintiff. 29 U.S.C. § 216(b). Courts have found this to be a "fundamental, irreconcilable difference" between class and collective action. *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 887 (N.D. Iowa 2008) (*quoting Schmidt v. Fuller Brush Co.,* 527 F.2d 532, 536 (8th Cir.1975)); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008).

B. <u>The record shows that the Order was not issued pursuant to the Supplementary Rules.</u>

DIRECTV argues that Judge Neal "tried to distance" her Order from the Supplementary Rules. A better description would have been that the AAA and Judge Neal have repeatedly and explicitly stated that the Order was not governed by the Supplementary Rules and was not a clause construction award.

In an email to all parties on February 10, 2012, prior to any of the briefing in connection with Judge Neal's Order, the AAA said:

> This will confirm a conversation yesterday with [DIRECTV], after the issuance of the email below. AAA will be moving forward with administration of this matter as a collective action and in accordance with our Employment Arbitration Rules as amended and in effect as of November, 2009.

*See* Email from Camille Stayman, AAA Case Manager, February 10, 2012, attached as Exhibit 2. The AAA's statement is consistent with the parties' Agreement, which specifies that claims in arbitration will be governed by the AAA's Employment Rules. *See* Arbitration Agreement, attached as Exhibit 3, at p. 3. In filing their claim, Respondents invoked both the AAA's Employment Rules and, in the alternative, the Supplementary Rules. But the AAA has determined that the case would be administered pursuant to the Employment Rules, even previously allowing DIRECTV a sixty-day stay of the arbitration pursuant to Rule

1 of Employment Rules. Accordingly, Respondents accepted that they were not permitted to seek an opt-out class action under the Supplementary Rules but would need to proceed with an opt-in collective action under the FLSA.

Further, at the hearing preceding her order, Judge Neal agreed with the AAA that the Supplementary Rules did not govern Respondents' claims.

> THE ARBITRATOR:  Well, clause construction only becomes an issue if we're proceeding under the supplementary rules --
>
> MS. MANNING [counsel for DIRECTV]:  Correct.  Absolutely.
>
> THE ARBITRATOR:  -- and we're not, are we?
>
> MS. MANNING:  We are proceeding under the supplementary rules, correct?  We're doing a clause construction.
>
> THE ARBITRATOR:  This is a question that I had in my mind about this case.  If we only have the question of whether or not claimants, the contract allows claimants to proceed on collective claims under the Fair Labor Standards Act, clause construction doesn't come to play unless they allege a Rule 23 class arbitration, so to speak.  And they have not.  They're only alleging Fair Labor Standards collective claims.
> ….
>
> MR. HANSON [counsel for Respondents]:  For the record, I very much agree that we are not proceeding under the supplemental rules.  In fact, we have a direct writing from the AAA saying we're proceeding --
>
> THE ARBITRATOR:  Exactly.

> MR. HANSON:  -- not under the supplementals, but the employment rules.

*See* Hearing Transcript, July 20, 2012, relevant portions of which are attached as

Exhibit 4 at 4:23 – 6:4

Judge Neal also stated at the hearing that her Order would not be appealable

pursuant to Rule 3:

> THE ARBITRATOR:  …**Now we are proceeding under the employment rules and not the supplemental rules which govern clause construction**.  **So the award would be or the decision would be in the form of an order as opposed to an order that would be appealable to the district court.**

> MANNING:  Well, under the FAA we still can appeal to district court.

> THE ARBITRATOR:  Yeah, but I just want to make sure it's not going to be pursuant to the supplemental rules.

*See* Exhibit 4 at 45:23 – 47:6 (emphasis added). The transcript shows that Judge

Neal did not intend to allow DIRECTV a right to appeal under Rule 3.

The only evidence DIRECTV can cite to the contrary is a form attached to

the end of Judge Neal's Order. *See* Exhibit 1 at p. 12. But the Order, which is titled

"Order Granting Claimants' Request for Collective Arbitration," is consistent with

Judge Neal's statements at the hearing. Judge Neal holds that the Supplementary

Rules do not apply because Respondents were not allowed to pursue their FLSA claims under the opt-out procedures outlined in those rules:

> The arbitrator has been asked to determine that Respondent [DIRECTV] is entitled to a Partial Clause Construction Award under the Association's class action rules. … However, Claimants claims have procedurally been limited to collective arbitration by the Association. … My review of the Agreement and the entire record leads me to conclude that the claims pending arbitration before me are insufficient to invoke the special procedures for administering class actions set forth in the Supplementary Rules for Class Arbitration. Thus, an award under the class action rules is neither necessary nor required under the AAA's Employment rules to address the issues herein.

*See* Exhibit 1, at p. 7. As Judge Neal recognized, it would be fundamentally unfair to allow DIRECTV to strategically apply the Supplementary Rules by burdening Respondents with an appeal pursuant to those rules if Respondents are to be denied access to the opt-out mechanism in those same rules. Because the Supplementary Rules do not apply, Respondents have been procedurally limited to the opt-in class mechanism under the FLSA, and, likewise, Petitioners are not afforded the right to appeal an interim order.

### C. Courts cannot review interim arbitration orders.

Judge Neal's Order is not a clause construction award under Rule 3, it is only an interim determination that the Arbitrator will permit Respondents to move for conditional certification. As such, her Order is not reviewable because the FAA

prohibits review of interim arbitral orders. *See Michaels v. Mariform Shipping, S.A.,* 624 F.2d 411, 414 (2d Cir. 1980) ("Where, as here, arbitrators make an interim ruling that does not purport to resolve finally the issues submitted to them, judicial review is unavailable."); *Marron v. Snap-On Tools,* No. Civ.03-4563, 2006 WL 51193, at *1 (D.N.J. June 9, 2006) ("Federal courts commonly understand this provision of the FAA [9 U.S.C. § 10] to allow review of final arbitration awards but *not* of interim or partial rulings.").[2]

A court should wait to review an award only when it "finally and definitely disposes of a separate independent claim" *Marron,* 2006 WL 51193, at *2 (citing *Metallgesellschaff A.G. v. M/V Capitan Constante,* 790 F.2d 280, 283 (2d Cir. 1986)); *Companis Panemena Maritima San Gerassimo, S.A. v. J. E. Hurley Lumber Co.,* 244 F.2d 286, 289 (2d Cir. 1957). In other words, courts should remain "reluctant to invite a judicial proceeding every time the arbitrator sneezes." *Smart v. Int'l Bhd. of Elec. Workers, Local 702,* 315 F.3d 721, 725 (7th Cir. 2002). Here, all the arbitrator has decided is that the parties' Agreement allows Respondents to follow the normal two-step judicial process for handling FLSA

---

[2] *See also Quixtar, Inc. v. Brady*, 328 F. App'x 317, 320 (6th Cir. 2009) ("[C]ourts generally should not entertain interlocutory appeals from ongoing arbitration proceedings."); *John M. O'Quinn, P.C. v. Wood,* 244 S.W.3d 549, 552 (Tex. App.

claims — conditional certification and notice to potential plaintiffs, followed by a decision as to whether the class should be decertified. Reviewing the arbitrator's interim order would add an additional layer of review not provided for in the FLSA or the AAA rules applicable to collective actions. The arbitrator has made no final determination of Respondents' right to collective arbitration; she has merely found that the Agreement gives them the right to pursue it. Judge Neal's order is therefore an interim order, and this Court lacks subject matter jurisdiction to vacate it. As such, DIRECTV's Petition should be dismissed.

## III.   There Are No Sufficient Legal Grounds to Vacate the Order.

Even if the Court denies Respondents' motion to dismiss and decides that it has subject matter jurisdiction to review the arbitrator's interim order, DIRECTV has not identified any legal grounds to vacate the order sufficient to overcome the standard of review.

### A. Courts cannot vacate arbitral orders for factual or legal errors.

"Judicial review of an arbitration award is exceedingly deferential and "narrowly limited."[3] *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1288 (11th Cir.

---

2007); *Michaels*, 624 F.2d at 414 (2d Cir. 1980) (policy reasons and the FAA language show courts should not review non-final decisions of arbitrators).

[3] *United States Postal Service v. Am. Postal Workers Union, AFL-CIO,* 204 F3d 523, 527 (4th Cir. 2000) ("Judicial review of arbitral orders is "among the narrowest known to the law."); *Kergosien v. Ocean Energy, Inc*., 390 F.3d 346, 352 (5th Cir. 2004); *Banco de*

2002) ("[A] court's confirmation of an arbitration award is usually routine or summary."); *Lifecare Intern., Inc. v. CD Medical, Inc.,* 68 F.3d 429, 433 (11th Cir. 1995). Courts cannot entertain claims that an arbitrator has made factual or legal errors, and begin review "with the presumption that the award is enforceable." *B.L. Harbert Int'l, LLC v. Hercules Steel Co.,* 441 F.3d 905, 909 (11th Cir. 2006); *Ainsworth v. Skurnick*, 960 F.2d 939, 940 (11th Cir. 1992).[4] In the Eleventh Circuit, even when an arbitrator manifestly disregards the law, a district court has no jurisdiction to vacate the award. *S. Communications Services, Inc. v. Thomas*, 829 F. Supp. 2d 1324, 1332 (N.D. Ga. 2011) (*citing Frazier v. CitiFinancial Corp., LLC,* 604 F.3d 1313, 1324 (11th Cir. 2010)).[5] "In other words, as long as the

---

*Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 262 (2d Cir. 2003)); *S. Communications Services, Inc. v. Thomas*, 829 F. Supp. 2d 1324, 1331 (N.D. Ga. 2011).

[4] The party moving to vacate an arbitration award has the burden of proof. The court must resolve any doubts or uncertainties in favor of upholding the award. *Riccard,* 307 F.3d at 1288; *S. Communications Services, Inc. v. Thomas*, 829 F. Supp. 2d 1324, 1331 (N.D. Ga. 2011); *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 385, n. 9 (5th Cir. 2004); *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012).

[5] *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164–65 (5th Cir. 1998) (Finding that an award must be upheld as long as "it is rationally inferable from the letter or purpose of the underlying agreement" or the arbitrator "offers a barely colorable justification for the outcome reached."); *Major League Baseball Players Assoc. v. Garvey*, 532 U.S. 504, 509 (2001) ("It is only when the arbitrator strays from interpretation and application of the agreement and

arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court's conviction that the arbitrator has committed serious error in resolving the disputed issue does not suffice to overturn his decision." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 1742 (2012).

The deferential standard of review is afforded in part because parties agreed to resolve their disputes before an arbitrator without involving the courts. *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012). Courts must honor the bargains in such agreements by enforcing arbitration awards absent a reason to doubt the authority or integrity of the arbitrator. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 586 (2008) (characterizing the FAA statutory bases for vacatur as "egregious departures from the parties' agreed-upon arbitration").

Here, there are no questions regarding Judge Neal's integrity or authority. DIRECTV argues that vacatur is appropriate because Judge Neal exceeded her powers by interpreting *Stolt-Nielsen* and the parties' agreement incorrectly. But vacating on those grounds would be a misapplication of the exceeding powers standard under the FAA.

---

effectively dispenses his own brand of industrial justice that his decision may be unenforceable.") (citations omitted).

B. <u>This Court has already found that Judge Neal did not exceed her authority because the parties delegated all questions of interpretation to the arbitrator.</u>

The statutory grounds contained in the FAA are the exclusive means by which an arbitral award may be vacated. *Hall Street Associates*, 552 U.S. at 584. Pursuant to Section 10 of the FAA, there are only four grounds for which a court can vacate an award: (1) corruption, fraud, or undue means in procurement of the award; (2) evident partiality or corruption in the arbitrators; (3) specified misconduct on the arbitrators' part; or (4) where the arbitrators exceeded their authority. *White Springs Agric. Chemicals, Inc. v. Glawson Investments Corp.*, 660 F.3d 1277, 1280 (11th Cir. 2011) (*citing Hall St.,* 552 U.S. at 586).

Arbitrators <u>do not</u> exceed their authority whenever they make a decision that is contrary or unsupported by relevant legal authority, as "[c]ourts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation." *J.A. Jones Const. Co. v. Flakt, Inc.*, 731 F. Supp. 1061, 1064 (N.D. Ga. 1990) (*quoting O.R. Sec., Inc. v. Prof'l Planning Associates, Inc.*, 857 F.2d 742, 746 (11th Cir. 1988). Instead, arbitrators only exceed their powers when they rule on matters not before them. *J.A. Jones*, 731 F. Supp. at 1064 (arbitrator did not exceed powers by calculating interest damages in improper manner and at an unlawful rate because arbitrators had authority to consider interest as an assessment on compensatory damages); *GE Commercial Distribution Fin. Corp. v.*

13

*Wheat*, 5:11-CV-250 CAR, 2011 WL 5910692 at *3 (M.D. Ga. Nov. 28, 2011) (arbitrator did not exceed powers by awarding excessive attorneys' fees because agreement gave arbitrator power to award attorneys' fees; court found that to consider argument that fee award violated Georgia contract law would violate the FAA). Thus, a courts ability to vacate an award on the grounds that an arbitrator exceeded her power "depends not on the outcome of a particular legal decision but rather on whether the arbitrators were requested to make the decision at all." *J.A. Jones,* 731 F. Supp. at 1064.

Courts have "consistently accorded the narrowest of readings" to the exceeding powers ground upon which DIRECTV bases its petition to vacate. *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 85 (2d Cir. 2009); *S. Communications Services, Inc. v. Thomas*, 829 F. Supp. 2d 1324, 1332 (N.D. Ga. 2011). This is especially the case when the challenged question is one the parties concede was properly submitted to the arbitrator. *DiRussa v. Dean Witter Reynolds Inc*., 121 F.3d 818, 824 (2d Cir. 1997) (quoting *Fahnestock & Co. v. Waltman*, 935 F.2d 512, 515 (2d Cir. 1991)). The reason for the limited review is because "[a]rbitrators do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party." *Cat Charter, LLC v.*

14

*Schurtenberger*, 646 F.3d 836, 843 (11th Cir. 2011) (*quoting Nat'l Wrecking Co. v. Int'l Bd. of Teamsters, Local 731,* 990 F.2d 957, 960 (7th Cir. 1993).

This Court has already decided that the parties' Agreement gives the arbitrator exclusive authority to determine if collective arbitration is permitted under the parties' Agreement. *See Order*, ECF No. 11, Case No. 1:12-cv-00827-JOF, at p. 9-11 ("As such, the court finds that the arbitrator – and not this court – must determine whether the parties agreed to class arbitration.") Given this finding, there can be no legitimate argument that the arbitrator exceeded her authority in interpreting the parties' Agreement to determine if the parties agreed to collective arbitration. Instead, DIRECTV is really asking the Court to undertake a *de novo* review of the arbitrator's decision, which would violate the terms of the Agreement and the standard of review under the FAA.

   C. <u>*Stolt-Nielsen* did not change the FAA by creating a new standard for vacatur based on an arbitrator's exceeding her authority.</u>

DIRECTV argues that the Supreme Court's decision in *Stolt–Nielsen S.A. v. AnimalFeeds International Corporation,* 130 S.Ct. 1758 (2010), gives this Court carte blanche to review the arbitrator's interpretation of the law despite the plain language of the FAA and decades of precedent to the contrary. In *Stolt–Nielsen,* the Court considered whether an arbitration panel had the authority to impose class

15

arbitration where an arbitration agreement is silent on the issue. Counsel for the claimants "explained to the arbitration panel that the term 'silent' did not simply mean that the clause made no express reference to class arbitration. Rather, he said, 'all parties agree that when a contract is silent on an issue there's been no agreement that has been reached on that issue.'" *Id.* at 1766. The Supreme Court found that the stipulation as to the lack of agreement "left no room for an inquiry regarding the parties' intent, and any inquiry into that settled question would have been outside the panel's assigned task." *Id.* at 1770. Nor did the panel have authority to construe the text of the arbitration clause because, in light of the stipulation, "the particular wording of the charter party was quite beside the point." *Id. at* 1770.

In light of the stipulation that the agreement contained nothing with respect to class arbitration, the panel's proper task "was to identify the rule of law that governs in that situation." *Id. at* 1768. However, the panel did not inquire into any sources of law, but "proceeded as if it had the authority of a common-law court to develop what it viewed as the best rule to be applied in such a situation." *Id.* at 1769. In doing so, the Court found that the panel merely "impose[d] its own policy preference." *Id.* at 1770. The Court held that the arbitration panel exceeded its authority by imposing its own policy choice. *Id.*

In *Stolt-Nielsen*, the arbitration panel exceeded its authority because it went beyond its assigned task of interpreting the agreement. The Supreme Court did not, as DIRECTV argues, undo all previous precedent narrowly limiting the scope of review of arbitral awards by simply substitute its judgment for that of the arbitration panel's. The Third Circuit's post-*Stolt-Nielsen* decision in *Sutter v. Oxford Health Plans, LLC* is instructive. 675 F.3d 215 (3rd Cir. 2012). There, an arbitrator found that the parties' had agreed to class arbitration without express authorization in their agreement. On appeal, Oxford argued that "the arbitrator found that the arbitration clause between Sutter and Oxford is silent on the issue of class arbitration, but he went on to conclude that the clause permits class arbitration in light of its breadth and the absence of a class arbitration exclusion." *Id.* at 222. Oxford argued that in so concluding, the arbitrator exceeded his authority by disregarding *Stolt-Nielsen* and imposing his own "default rule." *Id.* at 223. And while Oxford conceded that the arbitrator articulated a contractual basis for his finding, Oxford charged that the arbitrator's examination of the agreement was "pretext for the imposition of his policy preferences." *Id.* These are the same grounds for appeal advanced by DIRECTV. The Third Circuit dismissed Oxford's arguments, finding them to be "simply dressed-up arguments that the arbitrator interpreted its agreement erroneously." *Id*. at 224. The Third Circuit concluded that

the arbitrator did not exceed his powers because he interpreted the parties' agreement and "we cannot say that his interpretation was totally irrational. Nothing more is required under § 10(a)(4) of the Federal Arbitration Act." *Id.* at 224-225.

Unlike in *Stolt-Nielsen*, the parties here have not stipulated that there was no agreement regarding the availability of collective action. Thus, the arbitrator's proper task was to examine the terms of the Agreement and determine if a contractual basis existed to conclude that the parties agreed to arbitrate FLSA claims collectively. This Court confirmed that this task was assigned to Judge Neal by the parties' agreement. Judge Neal made a thorough examination of the law and the language of the Agreement and concluded that the parties had explicitly and implicitly agreed to allow collective arbitration. Whether or not this Court agrees with Judge Neal's conclusions is besides the point; Judge Neal exceed her authority, and as such there are no grounds for vacating her order.

## IV. DIRECTV Cannot Demonstrate that the Arbitrator Exceeded Her Authority in Her Interpretation of the Agreement.

The majority of DIRECTV's petition is a re-tread of arguments and authorities already considered and dismissed by Judge Neal in her Order. For the third time in this arbitration, DIRECTV urges an interpretation that *Stolt-Nielsen* establishes a bright line rule that collective arbitration is allowed only under an

arbitration agreement that incants "collective arbitration" or otherwise expressly provides for aggregate procedures. The arbitrator considered DIRECTV's cases, but adopted the majority approach, which is not an error of law that could support vacatur. DIRECTV also argues that the arbitrator exceeded her authority by refusing to adopt its interpretation of the provisions of the Agreement. But the law does not allow DIRECTV a second bite at the apple; DIRECTV chose the arbitral forum, and the FAA does not allow this Court to re-do what the arbitrator has done.

A. Judge Neal determined that *Stolt-Nielsen* was not controlling in light of the significant procedural and factual differences between it and the present case.

DIRECTV argues that Judge Neal exceeded her authority by refusing to apply *Stolt-Nielsen* even after she found the Agreement "silent" on the availability of collective procedures. But Judge Neal made no such finding. As described above, Judge Neal found that there had been no *Stolt-Nielsen*-style stipulation that the parties had no agreement with respect to collective arbitration. Hence, the parties' Agreement was not "silent" in the same manner as the parties' agreement in *Stolt-Nielsen.* The lack of stipulation plus the significant procedural differences between Rule 23 class actions and collective actions under the FLSA made *Stolt-Nielsen* "instructive, but not controlling." *See* Exhibit 1 at p. 5-6. Judge Neal

disagreed with DIRECTV's interpretation and joined with the majority of courts holding that parties may agree to allow collective arbitration without using the precise words "collective arbitration" in their agreement.[6] It cannot be said that

---

[6] *See Stolt–Nielsen S.A. v. Animalfeeds Int'l Corp.*, 130 S.Ct. 1758, 1776 n. 10 ("We have no occasion to decide what contractual basis may support a finding that the parties agreed to authorize class-action arbitration. Here, as noted, the parties stipulated that there was 'no agreement' on the issue of class-action arbitration.").

The majority of cases interpreting *Stolt-Nielsen* have found that it did not require express consent to class arbitration. *See Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 124 (2d Cir. 2011) (holding that an arbitrator did not exceed her powers by ruling that class arbitration was allowed under an agreement lacking an express class provision); *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 222 (3rd Cir. 2012) ("Stolt–Nielsen did not establish a bright line rule that class arbitration is allowed only under an arbitration agreement that incants "class arbitration" or otherwise expressly provides for aggregate procedures."); *Amerix Corp. v. Jones*, CIV. JFM-11-2844, 2012 WL 141150 (D. Md. Jan. 17, 2012)("While the Arbitration Clause does not refer explicitly to collective claims, the Court concludes that it does authorize such claims to proceed before an arbitrator"); *Aracri v. Dillard's, Inc.*, 1:10CV253, 2011 WL 1388613 (S.D. Ohio Mar. 29, 2011) ("Critical distinction" between Stolt-Nielsen and present case was lack of concession that the Agreement was "silent."); *Bergman v. Spruce Peak Realty, LLC*, 2:11-CV-127, 2011 WL 5523329 (D. Vt. Nov. 14, 2011) ("This Circuit has therefore concluded that the Supreme Court has "declined to hold that an arbitration agreement must expressly state that the parties agree to class arbitration."); *Mork v. Loram Maint. of Way, Inc.*, CIV. 11-2069 MJD/FLN, 2012 WL 38628 (D. Minn. Jan. 9, 2012) ("[N]either the Stolt–Nielsen Court nor subsequent interpretations of the decision require explicit reference to class arbitration in order to allow it."); *Opalinski v. Robert Half Int'l, Inc.*, CIV. 10-2069 FSH PS, 2011 WL 4729009 at *3 (D.N.J. Oct. 6, 2011) ("While RHI argues, and Plaintiffs appear to agree, that Stolt–Nielsen prohibits class arbitration in any case in which the arbitration clause is silent on the issue of class arbitration, the Supreme Court did not make such a broad holding."); *Rame LLC v. Popovich*, No,

Judge Neal exceeded her authority by adopting the majority position on *Stolt-Nielsen*, nor can it be grounds for vacatur under the FAA.

---

12 Civ 1684, Doc. 22 at p. 23-24 (S.D.N.Y. June 9, 2012) (arbitrator allowed to look to underlying state law where there was no explicit agreement as to collective action); *Smith & Wollensky Rest. Group, Inc. v. Passow*, 831 F. Supp. 2d 390 (D. Mass. 2011) (Holding where there was no stipulation, arbitrator had authority "to decide what contractual basis may support a finding that the parties agreed to authorize class-action arbitration.") (citing Stolt-Nielsen); *Southern Communications v. Thomas*, 829 F. Supp. 2d 1324, 1337 (N.D. Ga. 2011)("To adopt SouthernLINC's theory that an arbitrator should automatically assume the parties intended to preclude class arbitration any time class proceedings are not explicitly authorized in writing would require the Court to ignore the arbitrator's duty to apply a rule of law governing contract interpretation to determine the parties' intent."); *Westcott v. ServiceMaster Global Holdings, Inc.*, C 09-05150 SI, 2011 WL 2565621 at *4 n.1 (N.D. Cal. June 29, 2011) ("The Supreme Court has never held that a class arbitration clause must explicitly mention that the parties agree to class arbitration in order for a decisionmaker to conclude that the parties consented to class arbitration."); *Yahoo! Inc. v. Iversen*, 11-CV-03282-LHK, 2011 WL 4802840 at *3 (N.D. Cal. Oct. 11, 2011) ("[N]othing in *Concepcion* forecloses a decisionmaker, whether it be the arbitrator or the subsequent reviewing court, from finding that the parties consented to submit class claims to arbitration even in the absence of any explicit discussion of class arbitration within the four corners of the agreement itself.")

DIRECTV pointed Judge Neal to three cases which reach the opposite conclusion—*Fitzhugh v. Am. Income Life Ins. Co.*, No. 1:11-cv-533 (N.D. Ohio Nov. 3, 2011); *Reed-Elsevier v. Crockett*, No. 3:10cv248, 2012 U.S. Dist LEXIS 23947 (S.D. Ohio 2012); *Goodale v. George S. May Int'l Co.*, No. 10 C 5733, 2011 U.S. Dist. LEXIS 37111, at *6-8 (N.D. Ill. Apr. 5, 2011). But even the case on which DIRECTV most heavily relies, *Reed v. Florida Metropolitan University, Inc.* acknowledges that agreements to arbitrate may be implicit. No. 11-50509, 2012 U.S. Dist. LEXIS 10048 (5th Cir. May 18, 2012).

A full discussion of the parties' positions on *Stolt-Nielsen* can be found in their respective briefs, which are attached to the Petition to Vacate.

B. Judge Neal found the parties explicitly agreed to collectively arbitrate.

Judge Neal found explicit authorization to collectively arbitrate FLSA claims in the language of the parties' Agreement. Specifically, she found that the Agreement required Respondents to arbitrate their FLSA claims. *See* Exhibit 1 at p. 9. She noted that the Agreement promises "an adequate and equal opportunity for vindication of the claims and complaints through the arbitration process," which she held provided Respondents "the same rights in arbitration as they would have in a civil action and jury trial to enforce those rights." *Id.* Therefore, since the FLSA allows Respondents to bring claims collectively, and the Agreement guarantees Respondents the same rights in arbitration as they would have had in court, Judge Neal concluded that the Agreement explicitly allows Respondents to arbitrate collectively. *Id.* at 9-10.

DIRECTV misconstrues the Order to argue that the entire basis for finding explicit agreement to collective arbitration was that the arbitrator found the right to collective arbitration was a substantive right. But whether substantive or not, collective action is a right granted by the FLSA, and the arbitrator found that "the Agreement expressly guarantees [Respondents] a right equal to that which they

would have had had they not waived their right to civil action and jury trial – that right includes the right to maintain their claims in collective arbitration." *Id.* at 9-10. She had the authority to make that determination under the FAA and the parties' Agreement.

    C. <u>The Arbitrator found parties implicitly agreed to collective arbitration.</u>

Even if this Court had the authority to find that Judge Neal exceeded her authority by interpreting the parties' Agreement to find explicit authorization of collective arbitration, vacatur would still not be warranted. This is because the Arbitrator separately found that even if there were no explicit agreement, she would have found implicit agreement to collective arbitration. DIRECTV responds by arguing that she exceeded her authority by supplying a contract term in violation of *Stolt-Nielsen*. But DIRECTV's argument misconstrues the Order – Judge Neal analyzed the language of the Agreement in light of O.C.G. 13-2-2(5), which resolves any contractual ambiguities against the drafter (in this case, DIRECTV.) *See* Exhibit 1 at p. 10-11. In applying Georgia law to the terms of the Agreement, Judge Neal found that "to effectuate the intent of the parties, it is reasonable to infer that the Agreements implicitly authorize collective arbitration, and that [Respondents] are not limited under the terms of the Agreements to the

arbitration of their FLSA claims in bilateral proceedings." *Id.* This finding was well within her authority.

D. <u>Judge Neal dismissed DIRECTV's arguments that select provisions of the parties' Agreement demonstrate a lack of consent to collective arbitration.</u>

Finally, DIRECTV argues that Judge Neal exceeded her authority because she failed to consider several provisions of the Agreement that allegedly show that only bilateral arbitration was contemplated. This argument is perhaps the best example of how DIRECTV re-imagines the FAA's narrow "exceeding authority" standard into a general charter for courts to re-make arbitration decisions. The fact is that the arbitrator specifically considered <u>all</u> of the provisions DIRECTV cites in its Petition, but decided that "[t]hese arguments are not sufficiently compelling to override [Respondents'] statutory rights guaranteed by the Agreement. *See* Exhibit 1 at p. 11. Judge Neal went on to discuss and dismiss DIRECTV's cited provisions individually. *Id.* DIRECTV is asking this Court to rule that the arbitrator committed legal error in her award by refusing their interpretation of the contractual provisions, which this Court cannot do. *White Springs Agric. Chemicals, Inc. v. Glawson Investments Corp.*, 660 F.3d 1277, 1283 (11th Cir. 2011) ("Even though White Springs presents its argument in terms of the FAA, it

asks us to do what we may not—look to the legal merits of the underlying award.")
DIRECTV does not get a second chance to argue the merits – it must abide by
Judge Neal's decision. *Marshall & Co., Inc. v. Duke*, 941 F. Supp. 1207, 1210
(N.D. Ga. 1995) aff'd, 114 F.3d 188 (11th Cir. 1997) (Parties may not seek a
'second bite at the apple' simply because they desire a different outcome.) (*quoting
Remmey v. PaineWebber, Inc.,* 32 F.3d 143, 146 (4th Cir.1994)).

## V.     Conclusion

As this Court previously found, the Agreement clearly and unmistakably gives to
the arbitrator "exclusive authority to resolve any dispute relating to the interpretation,
applicability, or formation" of the Agreement. *See* Exhibit 3 at p. 3. But now that the
arbitrator has rendered a preliminary decision on the interpretation of the Agreement with
which it disagrees, DIRECTV is asking this Court again to undo the parties' Agreement
and take the authority away from the arbitrator.  But the Court has no subject matter
jurisdiction to review an interim award, and the FAA is clear that unless the Court can
say that the arbitrator exceeded her authority, the decision must stand even if the Court
could identify a mistake in the arbitrator's interpretation of law or the Agreement.
DIRECTV drafted the Agreement; it must now abide by it. DIRECTV's Petition should
be dismissed for lack of jurisdiction, or, in the alternative, denied as failing to meet the
vacatur standard required by the FAA.

**CERTIFICATION**: Pursuant to N.D. Ga. L.R. 7.1D, this brief has been prepared in

Times New Roman, 14-point font.

Respectfully submitted,

**ASHFORD LAW FIRM, LLC**          **STUEVE SIEGEL HANSON LLP**

  /s/ Dana C. Ashford                          /s/ Andrew W. Funk
Dana C. Ashford                               Andrew W. Funk
Ga. Bar No.  091001                          *Pro Hac Vice Application pending*
201 Swanton Way                              460 Nichols Road, Suite 200
Decatur, Ga. 30030                           Kansas City, Missouri 64112
Telephone:  (678) 591-9575              Telephone:  (816) 714-7100
Facsimile:   (678) 262-3662              Facsimile:   (816) 714-7101

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DIRECTV, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:12:cv-03233-JOF |
| JOHN ARNDT, | ) | |
| JEREMY MCMICHEN | ) | |
| AND STEPHEN PEACOCK, | ) | |
| | ) | |
| Respondents. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that Respondents' Motion to Dismiss or in the Alternative to Deny Petition to Vacate Arbitration Award was filed the 1st day of October 2012, using the Court's ECF system  and that I have taken all appropriate steps to ensure that copies will be served upon the following attorneys via email and U.S. Mail addressed as follows:

Halima Horton
McGuire Woods LLP
Promenade II, Suite 2100
1230 Peachtree Street, NE
Atlanta, GA 30309-3534
email:  hhorton@mcguirewoods.com

Respectfully submitted,

**ASHFORD LAW FIRM, LLC**

/s/ Dana C. Ashford
Dana C. Ashford
Ga. Bar No. 091001
201 Swanton Way
Decatur, GA 30030
Telephone (678) 591-9575
Facsimile (678) 262-3662

**STUEVE SIEGEL HANSON LLP**
Andrew W. Funk, MO Bar # 48866
(*Application for Admission Pro Hac Vice pending*)
funk@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone:  (816) 714-7100
 Facsimile:   (816) 714-7101

ATTORNEYS FOR
RESPONDENTS

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies on the 1st day of October, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the attorneys of record.

        /s/ Dana C. Ashford
Attorney for Respondents

28